Batsclb, J.
This bill has been filed by the adminis-* trator, with the will annexed of the testator, against the devisees and legatees, to obtain the advice and direction, of the Court in relation to his duties in the settlement of the estate.
It has been repeatedly declared by .the Court that, upon such a bill, it will give ncr'adviee and direction upon any matter in which .th# executor is not interested.as,such. In the will now .before us the whole estate of the testator is given to the widow for life, with certain limitations among the testator's brothers and sisters. The only ‘Question ashed by the administrator, with the will annexed, in which he is interested, is, whether the widuw can be required to give a bond as a security for the personal estate which she tabes for life only ; and it is clearly settled that she cannot. See Williams on Executors, 1198. Unless a case of danger can be shmvn she can only be called upon to sign and deliver to the executrix an inventory of the articles, admitting their receipt, expressing that she is .entitled to them for lift, and that after-wards they belong to. the remaindermen. The assent of the executor to the legacy for life .will, vest the interest in. remaindermen ; which they must tabe means to protest, should they find that it isdibely to be endangered by the act of the tenant for life. So, any .questions which may arise between the . remaiudennen, as to their respectiva rights in' the property, must be settled in a suit amon g *109 themselves, as tine executor will have no interest in it, and will qot be allowed to nleddle with it.
A decree may be drawn in accordance with this opinion : but the plaintiff must .pay the costs, as there was no necessity for his bill.